■ Appellant also sought to have the jury instructed as follows:

"In no event can you convict the defendant, unless the state has proven beyond a reasonable doubt that the defendant had the actual personal care, control and management of the mash in question, and unless the state has proven that the defendant had the actual personal care, control and management of such mash you will find him not guilty, or if you have a reasonable doubt thereof you will find him not guilty."

Paragraph 2 of the court's charge defines the term "possess" as follows:

"By the term 'possess' as used in this charge is meant that defendant must have the actual personal care, control and management of the mash in question."

Immediately following the foregoing instruction is paragraph 3, which reads as follows:

"Now if you believe from the evidence beyond a reasonable doubt that the defendant Alex Phipps in Bosque County, Texas, on or about the first day of February, A. D. 1930, did unlawfully possess mash as the term 'possess' is above defined, for the purpose of unlawfully manufacturing whisky, then you will find the defendant guilty as charged in the indictment and assess his punishment at confinement in the state penitentiary for any term of years not less than one nor more than five, but if you have a reasonable doubt thereof, then you will acquit the defendant."

It is observed that the foregoing charge expressly directs the attention of the jury to the definition of the term "possess." The latter part of said charge advises the jury, in effect, that if they should have a reasonable doubt that appellant possessed the mash, as that term had been defined, he should be acquitted. If it was proper for the court to instruct the jury as requested by appellant, we are of the opinion that the court's main charge adequately presented the proposition embraced in the requested instruction.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

LATTIMORE, J.

■ Insufficiency of testimony, and refusal to so instruct the jury, are the only grounds upon which rehearing is asked. Mash was found at two points in appellant's pasture, near each of which wagon tracks—said in testimony to have been made by the same wagon—were found. From the mash found nearest appellant's residence, being two or three hundred yards distant therefrom, said wagon tracks were followed and led without break to appellant's wagon then standing at his house. We think these facts, coupled with others found in the record, entirely sufficient to support the judgment.

The motion for rehearing will be overruled.

### GRABEL v. STATE.
No. 14111.

Court of Criminal Appeals of Texas.
Feb. 4, 1931.

Truman Warren, of Tyler, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

The offense is murder; penalty assessed at confinement in the penitentiary for a period of ten years.

The record is before us without a statement of facts and bills of exception.

■ A number of special charges were requested and refused, but without knowledge of the evidence that was before the trial court, we are unable to determine whether

the special charges were properly refused or not. In the absence of information on the subject, the presumption prevails that in refusing the charges the action of the trial court was proper. However, we note that some of the special charges were given, and those which were refused bear no indorsement showing that their refusal was over the objection of the accused.

■ In writing the judgment the court ignored the Indeterminate Sentence Law (Vernon's Ann. C. C. P. art. 775), whereby the sentence should have directed the confinement of the appellant in the State Penitentiary for a term of not less than two nor more than ten years. The judgment in that respect is reformed, and as reformed it is affirmed.